IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONNA BATES, CATHERINE A.
STEFFA, and CAREN CHRISTENSEN,

                      Plaintiffs,                          ORDER

    v.

                                                          13-cv-142-wmc

KERRY, INC.,

                      Defendant.

---

       The court is in receipt of the parties' joint stipulation for class certification under Federal Rule of Civil Procedure 23 and conditional certification of a collective action under the FLSA, 29 U.S.C. § 216(b) (dkt. #134), and plaintiffs' unopposed motion for preliminary approval of settlement agreement (dkt. #135.) All appears very much in order, but before the court grants these motions, the parties must correct the release language in the settlement agreement itself so that it is consistent with the description of the putative class members' legal rights and options described in the proposed notice. (*See* Declaration of Summer H. Murshid, Ex. 1 (dkt. #138-1) pp. 20-21 (releasing "all federal and Wisconsin state wage and hour claims" for "all other members of the Final Settlement Class"; *id.* at p.47 (limiting the release of claims for those class members who do not opt into the FLSA collective action and who do not opt out of the class action to "Wisconsin state wage or hour claims" in the proposed notice).)

       In other words, for those employees who do not opt into the FLSA collective action but also do not opt out of the class action, the release -- consistent with the proposed notice -- should be limited to the Wisconsin state law claims. The reason the

court requires this change has been extensively explained in other, similar FLSA collective action and Rule 23 class action settlements. *See, e.g.*, *Sherburn v. Duluth Trading Co., LLC*, No. 11-cv-438 (W.D. Wis. Apr. 16, 2012) (dkt. #38); *Turner v. Superior Satellite Servs., Inc.*, No. 11-cv-92 (W.D. Wis. Apr. 6, 2012) (dkt. #111).[1]

Once the court is in receipt of an amendment to the settlement agreement, the court will promptly issue an order preliminarily approving the settlement and certifying a class action and a collective action for settlement purposes.

Entered this 17th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that proposed class counsel Hawks Quindel, S.C. in this case was also class counsel in *Sherburn* and *Turner* and suspects the proposed notice was changed to address this concern, but somehow the language in the settlement release itself was overlooked.