UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

# If you worked as a Customer Service Representative, Customer Care Representative, and/or Customer Care Coordinator (including such position titles that began with the terms "Senior" and/or "Lead Key Account") (collectively, the "Class Positions") in Wisconsin at Kerry, Inc. ("Kerry") at any time between February 27, 2010, and October 8, 2013, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*A Federal Court has authorized this Notice.*

## NOTICE OF CLASS ACTION SETTLEMENT:

TO: [NAME]

RE: Settlement of Alleged Wage Claims

- Donna Bates, Catherine Steffa, and Caren Christensen (the "Class Representatives") are current and former employees who held one of the Class Positions for Kerry. They brought a Complaint alleging that Kerry allegedly improperly classified them as salaried, exempt employees and therefore, failed to properly pay overtime wages for hours worked in excess of 40 per week.

- Kerry has denied and continues to deny the allegations in the Complaint and represents that its policies and practices regarding classification of exempt employees were proper and in compliance with the law at all times.

- For settlement purposes, the Court has certified this case as a class on behalf of the Class Representatives, those who earlier filed Consent Forms to opt in to the Collective Class (the "Prior Opt-In Plaintiffs"), and all other individuals who worked for Kerry in one of the Class Positions at any time between October 3, 2010, and [DATE ON WHICH COURT APPROVES THE SETTLEMENT], while classified as salaried, exempt (the "Class Members").

- Kerry and the Class Representatives have agreed to resolve the wage claims of the Class Representatives, the Prior Opt-In Plaintiffs, and the other Class Members (the "Settlement"). This Notice is to inform you about the status of this Complaint, including your potential right to receive a share of the funds paid by Kerry to resolve these claims (the "Settlement Fund").  **Your legal rights are affected and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Participate ONLY in the Wisconsin state law Settlement** | You will automatically receive [2 year amount] if you do not exclude yourself pursuant to paragraph 9.B. below. You do not have to do anything to receive [2 year amount]. |
| **Participate in both the Wisconsin state law Settlement and the FLSA Settlement** | **You have 2 options to participate in the FLSA Settlement and receive funds in addition to the amount listed above:**<br><br>(1) Complete and return the enclosed Consent Form to opt in to the FLSA Settlement. If you do so by [DATE], you will receive one check for [2 year amount + third year fund amount + liquidated]<br><br>(2) If you fail to complete and return the enclosed Consent Form by [DATE], you may still participate in the FLSA Settlement and receive [2 year amount + 3 year amount + liquidated]. However, the amount will be divided between two checks. You will receive your first check automatically for [2 year amount] as explained above for participating in the Wisconsin Class. If you choose to cash that check, Kerry will automatically issue a second check in the amount of [third year fund amount + liquidated]. If and ONLY IF you cash the second check will you be deemed to have participated in the FLSA Settlement and waived your FLSA claim. If you choose not to cash the second check, you will not be a participant in the FLSA claim. |
| **Object** | Write the Court about why you do not like the Settlement. Note: If you object, but do not exclude yourself from the Settlement, you will still be bound by the terms of the Settlement. See Section 9(b) below. |
| **Attend the Hearing** | Ask to speak to the Court about the fairness of the Settlement. |
| **Exclude Yourself** | You will be unable to participate in the Settlement (i.e., you will not receive any payment from Kerry) if you choose this option, but will retain any rights you may have against Kerry over the claims in this case. See Section 9(b). |

**Your options are explained in this Notice.  Please read it carefully.**

### 1. What is this Notice about?

On February 27, 2013, Donna Bates, Catherine Steffa, and Caren Christensen (the "Class Representatives") filed a Complaint in the United States District Court for the Western District of Wisconsin on behalf of themselves and other similarly-situated Customer Care Representatives (and individuals holding similar positions) employed by Kerry, Inc. ("Kerry"). The Complaint alleges violations of the Fair Labor Standards Act ("FLSA") as well as Wisconsin state law and seeks back wages, interest, liquidated damages, and attorneys' fees.

Specifically, the Class Representatives alleged that Kerry improperly classified them as salaried, exempt employees, which caused them and similarly-situated employees to perform work in excess of 40 hours in a week for which they did not receive compensation. Kerry has denied and continues to deny the allegations in the Complaint and contends that its classification of the these employees was proper and in compliance with the law at all times. Kerry does not admit to any wrongdoing or liability.  However, to avoid additional costs and time-consuming litigation, Kerry has offered to settle the matter according to the terms of this settlement (the "Settlement").

### 2. Who is included in the Settlement Class?

For purposes of this Settlement, the Court has approved the description of the following two classes of employees. The only difference between the two classes is the length of time covered by the Settlement.

The Class under Wisconsin state law consists of:

> All Customer Service Representatives, Customer Care Representatives, and/or Customer Care Coordinators (including such position titles that began with the terms "Senior" and/or "Lead Key Account") (collectively, the "Class Positions") who worked for Kerry in Wisconsin at any time from February 27, 2011, through the date on which the Court preliminarily approves the Settlement, and were paid as salaried, exempt employees during any portion of that time period while holding one or more of the Class Positions.

The Collective Class for notice purposes under the FLSA consists of:

> All individuals holding one of the Class Positions who worked for Kerry in Wisconsin at any time from October 3, 2010, through the date on which the Court preliminarily approves the Settlement and were paid as salaried, exempt employees during any portion of that time period while holding one or more of the Class Positions.

### 3. What are the benefits and terms of the Settlement?

To settle this case, Kerry has agreed to pay **$525,000.00** (the "Settlement Fund"). The Settlement Fund will be used to pay participating members of the Classes described in Section 2 above for unpaid overtime. In addition, the Settlement Fund will be used to pay attorneys' fees and costs related to this lawsuit as well as additional payments ("Enhancement Payments") to the Class

Representatives and those who earlier filed Consent Forms to opt in to the Collective Class (the "Prior Opt-In Plaintiffs").  If you elect to participate and if the Court approves the Settlement, you shall receive a portion of the Settlement Fund, after payment of attorneys' fees, costs, Enhancement Payments, and expenses. The benefit of participating in this Settlement for you is as follows:

> **Participation in the Wisconsin Class:** If you do not exclude yourself from participation, you will automatically receive a check for **$[2-year amount]. No action on your part is required to obtain $[2-year amount] from the Settlement Fund.**
>
> **Participation in the FLSA Collective Class:** You may be entitled to additional funds if you affirmatively elect to participate in the FLSA Collective Class. These funds are in addition to the amount you will receive automatically for being a member of the Wisconsin Class as described above. **In order to become an FLSA Class Member and obtain an <u>additional</u> $[3rd Year amount + liquidated damages] you have two options:**
>
>> (a) Complete the enclosed Consent Form and return it by [DATE]. If you do that, you will receive one check that includes the [2 year amount] listed above plus [3rd Year amount + liquidated damages] for a total settlement amount of [2 year amount + 3rd Year amount + liquidated damages].
>>
>> (b) If you fail or forget to return the enclosed Consent Form by [DATE], but still wish to receive additional money by participating in the FLSA Collective Class, you can cash the check that you receive automatically from Kerry for being a member of the Wisconsin Class – when you cash the [2 year amount] check, Kerry will automatically send you a second check in the amount of [3rd Year amount + liquidated damages]. If you choose to cash this second check, you will be deemed to have participated in the FLSA Collective Class and waived your FLSA claim.

**A portion of the amounts listed above will be subject to taxes and other withholdings.**

**4.  Who is Class Counsel?**

The Court appointed the following lawyers as Class Counsel to represent the certified Settlement Class:

Hawks Quindel, S.C.
222 E. Erie St., Suite 210
Milwaukee, WI 53202
414-271-8650

### 5. How much are attorneys' fees?

Class Counsel has pursued the Complaint on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Wisconsin Class or the FLSA Collective Class.  As part of the Settlement, subject to Court approval, Class Counsel will apply for fees and expenses in an amount not to exceed 33.333% of the Settlement Fund. Under this Settlement, Class Counsel will recover compensation from the Settlement Fund.  Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual Settlement payments.  Class Members may object to the terms of the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, pursuant to Section 9(c).  If attorneys' fees of less than 33.333% of the Settlement Fund are approved, or if the Court awards less than the requested amount of Enhancement Payments to the Class Representatives and Prior Opt-In Plaintiffs, the difference between those requested amounts and those approved amounts shall be divided equally between Class Members participating in the Settlement and Kerry.

### 6. What happens if the Court approves the Settlement and what claims am I releasing?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Complaint with prejudice on the merits. This means that Class Members who do not exclude themselves from the Settlement will be deemed to have released Kerry and all of its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, assigns, and each of its past, present, and future officers, directors, members, trustees, agents, and employees, attorneys, contractors, representatives, benefits plan sponsored or administered by Defendant, benefit plan trustees, benefit plan fiduciaries, divisions, units, branches and any other persons or entities acting on its behalf (the "Released Parties") from any Wisconsin state wage or hour claims that could have been raised in this lawsuit, including, without limitation, such claims that arose in the course of such Class Member's employment with Kerry in Class Positions between February 27, 2011, and the date on which the Court enters an Order finally approving the Settlement.

Class Members who do not exclude themselves from the Settlement and participate in the FLSA Collective Class pursuant to one of the options described in Section 3 of this Notice, will be deemed to have released Kerry and the other Released Parties from any FLSA claim and any other federal or state wage or hour claims that could have been raised in this lawsuit, including, without limitation, such claims that arose in the course of such Class Member's employment with Kerry between February 27, 2010, and the date on which the Court enters an Order finally approving the Settlement.

Class Members who validly and timely request exclusion from the Settlement will not release any federal or Wisconsin state wage and hour claims against Kerry and will not receive any settlement payment in connection with this lawsuit.

### 7. What happens if the Court does not approve the Settlement?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the Class Members will recover more than is provided for in this Settlement or, indeed, anything.

### 8. When is the Fairness Hearing?

A hearing will be held before the Honorable Judge William M. Conley, United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin, on [DATE]. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel. The time and date of this hearing may be changed without further notice.

### 9. What are my options regarding the Settlement?

If you are receiving this Notice, you have the following options:

    A. **Participate in the Settlement:** Assuming the Court approves the Settlement, depending on your choice with regard to the FLSA Collective Class, as described in Section 3, you will receive at least one check, perhaps two, in one of the amounts forth in Section 3 above. **You need not take any action to receive the lesser payment set forth in Section 3 above. If you want to receive the greater amount listed in Section 3, you must complete and return the enclosed Consent Form OR sign and cash the second check you receive from Kerry.**

    B. **Request to be Excluded:** If you wish to be excluded from the Settlement Class, you must submit, no later than [DATE], a written request to be excluded from the Settlement. Requests for exclusion should be sent to Hawks Quindel, S.C., 222 E. Erie St., PO Box 442, Milwaukee, WI 53201-0442. **If you exclude yourself, you will <u>not</u> receive any monies from the Settlement.**

Failure to timely submit your request for exclusion will result in your remaining a member of the Settlement Class and being bound by any final judgment. **If you validly and timely request exclusion from the Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Kerry related to the subject matter of this Settlement.**

    C. **Object:** If you are a Class Member and you do not request to be excluded from the Settlement, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will not be able to assert your own claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an

appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, you must, on or before [DATE], file any such objection with the Court and provide copies of the objection to: Summer H. Murshid, Hawks Quindel, S.C., 222 E. Erie St., Suite 210, Milwaukee, WI, 53202 and to William J. Wortel, Bryan Cave, LLP, 161 N. Clark Street, Suite 4300, Chicago, Illinois, 60603. The objection shall state (i) the objector's full name, address, and telephone number; (ii) the objector's dates of employment with Kerry and job title(s) while employed; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

**10. Are there more details available?**

For additional information you may contact Class Counsel by (a) calling Summer H. Murshid at 414-271-8650, or (b) sending correspondence to Summer H. Murshid, Hawks Quindel, S.C., 222 E. Erie St., Suite 210, Milwaukee, Wisconsin 53202 or via email at smurshid@hq-law.com. Upon request, a copy of the complete Settlement Agreement, the Addendum to Settlement Agreement and Release of Claims setting forth all of the terms of the Settlement will be sent to you.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT, TO KERRY, OR TO KERRY'S COUNSEL.**

Dated: [DATE]                                                    BY ORDER OF THE COURT
                                                                 Clerk of the Court