IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONNA BATES, CATHERINE A.
STEFFA, and CAREN CHRISTENSEN,

                Plaintiffs,                OPINION AND ORDER

  v.

                                                           13-cv-142-wmc

KERRY, INC.,

                Defendant.

---

Pursuant to an unopposed motion, plaintiffs seek final approval of their settlement of this hybrid action, which alleges wage and hour violations (1) as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and (2) as class actions pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Wisconsin. (Dkt. #156.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #143), the court will give final approval of the settlement terms and approve the enhanced payments, attorney fees and costs, as well as certify a Rule 23 class for that purpose.

    **A. Settlement**

Based on today's fairness hearing at which only the parties' counsel appeared, as well as on their representations, the parties' written submissions, the lack of any

Case: 3:13-cv-00142-wmc Document #: 161 Filed: 01/09/14 Page 2 of 4

objections, and the entire record in this case,[1] the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The modest enhancement payments to the initial and later named plaintiffs and to those class members who were required to stand for deposition are also reasonable.

### B. Attorneys' fees

Also before the court is class counsel's petition for attorneys' fees and costs, which will be approved. (Dkt. #149.) Class counsel seeks $157,500 in attorneys' fees, representing 30% of the common settlement fund, as well as their costs in the amount of $7,027.37. The court has reviewed class counsel's arguments in support of this award (Br. in Supp. of Mot. for Atty's Fees, (dkt. #151)), the declaration of Attorney Summer H. Murshid and attached time entries and incurred costs (dkt. ##150, 150-1, 150-2), and declarations by three third-party attorneys (dkt. ##152-154). Class counsel expended resources litigating this matter over the past year, including approximately 700 attorney hours, which total approximately $149,611.00 if billed hourly. Counsel also entered into a contract with the named plaintiff upfront in which she agreed to a payment of 33.33% of the gross recovery plus costs.

---

[1] Among other considerations, the court notes that none of the 96 class members excluded themselves or objected to the settlement, and that 60% of the class opted into the FLSA collective action.

Although the latter agreement is not binding absent advance approval by the court, the 30% fee request appears reasonable given: (1) the significant discovery, including numerous depositions; (2) the factual and legal uncertainties regarding plaintiffs' claims; (3) market rates; (4) awards for similar hybrid FLSA and Rule 23 class actions in this district; and (5) a resolution of the entire case is in the best interest of the class members, none of whom have objected to the fee request.[2] The court further finds class counsel's request for reimbursement of actual costs in the amount of $7,027.23 to be reasonable and well-documented. (Dkt. #150-2.) Accordingly, the court will award attorney's fees and costs in the total amount of $164,527.40.

ORDER

IT IS ORDERED that:

1) The parties' joint motion for final approval of the settlement agreement (dkt. #156) is GRANTED and the parties are directed to carry out its terms and provisions;

2) the enhancement payments of $7,500 to named plaintiffs Donna Bates, Caren Christensen, and Catherine Steffa, and $2,500 to Carol Duffy, Debra Hornbostel, Jill Rambo, Jane Slamp, Jo Ellen Smith, and Tammy Ziemer are APPROVED;

3) class counsel's petition for costs and attorneys' fees (dkt. #149) is GRANTED in the requested amount of $164,527.40;

4) settlement payments described in the Exhibit A to the settlement agreement (dkt. #138-1) are APPROVED; and

---

[2] As indicated at the hearing, the court urges class counsel to consider seeking approval of a fee schedule earlier in cases of this kind. *See Silverman v. Motorola Solutions, Inc.*, Nos. 12-2339, 12-2354, 2013 WL 4082893, at *1 (7th Cir. Aug. 14, 2013).

5) this action is dismissed, the court expressly retains jurisdiction to enforce the terms of settlement and the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 9th day of January, 2014.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          WILLIAM M. CONLEY
                                          District Judge